UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Chris Moore d/b/a Moore's Honey Farm, Cox Honey of Utah, LLC, Brett Adee d/b/a Adee Honey Farms, and Kelvin Adee d/b/a Adee Honey Farms, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | CASE NO. 13 CV 2984 |
| v. | | Hon. Charles P. Kocoras |
| Honey Holding I, Ltd., d/b/a Honey Solutions, HHI Management, LLC, Douglas A. Murphy, and Urbain Tran, | | Mag. Judge Mary M. Rowland |
| Defendants. | | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs Chris Moore d/b/a Moore's Honey Farm, Cox Honey of Utah, LLC, Brett Adee d/b/a Adee Honey Farms, and Kelvin Adee d/b/a Adee Honey Farms ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through Plaintiffs' counsel, respectfully submit this Motion for Class Certification, and in support thereof, state as follows:

**INTRODUCTION**

1. Plaintiffs hereby move for certification of this lawsuit as a class action on behalf of themselves and all similarly situated persons and entities that produced, packed, sold and/or distributed honey in the United States. Plaintiffs respectfully submit that this lawsuit is suitable and appropriate for treatment as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs further request that the Court appoint Plaintiffs as Class Representatives and appoint Ben Barnow of Barnow and Associates, P.C., Richard L. Coffman of The Coffman Law Firm,

and G. Robert Blakey as Class Counsel.

**NATURE OF THE CASE**

2. Plaintiffs brought this lawsuit against Honey Holding I, Ltd. d/b/a Honey Solutions ("Honey Solutions"), HHI Management, LLC, Douglas A. Murphy, and Urbain Tran, for their fraud, negligent misrepresentation, conspiracy, and clandestine and wrongful importation and dumping of Chinese honey on the United States honey market without paying the corresponding antidumping duties and illegal sale of honey adulterated with unsafe antibiotics to persons within the United States. As a result, Defendants substantially depressed the price of honey legitimately produced, packed, marketed and sold in the United States by Plaintiffs and Class Members. Defendants' unlawful conduct damaged the Government in its governmental functions and damaged Plaintiffs and Class Members in their businesses and/or property.

3. Plaintiffs bring this action as a class action under Title XI ("RICO") of Public Law 91-452, 84 Stat. 922 (1970) (as codified at 18 U.S.C. §§ 1961-1968, as amended) and the common law against Defendants for their fraud, negligent misrepresentation, conspiracy, and clandestine and wrongful importation.

4. Defendants HHI Management, LLC, Douglas A. Murphy and Urbain Tran conducted and participated, directly and indirectly, in the affairs of Honey Solutions (the RICO enterprise) through a pattern of unlawful activity—to wit, they engaged in repetitious and systematic mail fraud and/or interstate and/or foreign wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 by using or causing the use of the United States Postal Service ("USPS"), private, or commercial interstate carriers and/or the wires in interstate and foreign commerce to repeatedly, systematically, and fraudulently: (i) cause honey originating in China to be illegally

transshipped (*i.e.*, "laundered") through intermediate countries (including, *inter alia*, Cambodia, Malaysia, Mongolia, Russian, and Vietnam) to the United States; (ii) defraud Government import authorities by misrepresenting that the Chinese-origin honey (a) originated in countries other than China and (b) was not honey, but other products, (including sugars and syrups) to avoid paying legally mandated antidumping duties; (iii) dump, market, sell and distribute the illegally imported and fraudulently declared Chinese-origin honey to businesses and persons throughout the United States; and (iv) purchase, distribute, and sell honey containing an unsafe food additive, the antibiotic Chloramphenicol, that was prohibited for sale in honey in the United States. Defendants' wrongful acts, as they well knew and intended, without legal justification, unlawfully undercut their legitimate competition and substantially depressed the price of honey legitimately produced, packed, marketed, and sold in the United States by Plaintiffs and Class Members to Defendants' financial benefit and Plaintiffs' and Class Members' financial detriment.

5. At all relevant times throughout the Class Period, by their unlawful acts, Defendants: (i) received substantial income derived, directly or indirectly, from a pattern of unlawful activity that was used or invested, directly or indirectly, to acquire an interest in, establish, maintain, advance, and/or operate a RICO enterprise (*i.e.*, Honey Solutions) that engaged in, or the activities of which affected during and throughout the class period, interstate and/or foreign commerce (in violation of 18 U.S.C. § 1962(a)); (ii) conducted or participated in the affairs of Honey Solutions (the RICO enterprise) (in violation of 18 U.S.C. § 1962(c)); and/or (iii) conspired to violate 18 U.S.C. § 1962(a) and (c) (in violation of 18 U.S.C. §1962(d)).

6. Defendants agreed to commit and did commit these substantive RICO offenses through the RICO enterprise (*i.e.*, Honey Solutions) by engaging in multiple predicate acts of

mail fraud and/or interstate wire fraud and/or foreign wire fraud—all the while knowing of, and intentionally agreeing to, the overall objective of the scheme to defraud and related matters—to wit, unlawfully capturing the United States honey market, wrongfully undercutting their competition, driving their competitors out of business, and illicitly capturing for themselves the earnings and profits that otherwise would have been earned by legitimate honey producers, packers, and wholesalers. Defendants knew, and intentionally so acted, that their above-described wrongful actions were fraudulent, misleading and unlawful, and would unlawfully and negatively impact the United States honey market to the financial detriment of Plaintiffs and Class Members. Defendants knowingly and intentionally engaged in their scheme to defraud for the purpose of taking unlawful and unfair advantage of Plaintiffs and Class Members. Defendants' knowing and intentional wrongful acts directly and proximately caused Plaintiffs and Class Members to suffer financial harm in their businesses and/or property.

7. At all relevant times, Defendants' wrongful actions were committed knowingly, intentionally, with the intent to defraud, injure, and damage Plaintiffs and Class Members, and with reckless disregard of the rights and interests of Plaintiffs and Class Members.

8. In addition to violating the RICO statute, Defendants' wrongful actions constitute common law negligent misrepresentation and have resulted in Defendants' unjust enrichment.

## CLASS CERTIFICATION

9. Plaintiffs, on behalf of themselves and Class Members, seek to recover from Defendants their actual, consequential and incidental damages, punitive damages, RICO treble damages, equitable relief in the form of disgorged gross revenues, injunctive relief to return the market to free competition, pre- and post-judgment interest, attorneys' fees, litigation expenses and costs, and such other relief, as the Court may find just and appropriate.

10. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, with respect to Counts I through IV, Plaintiffs seek certification of the following nationwide Class:

> All individuals and entities that produced, packed, sold and/or distributed honey in the United States, from January 1, 2000 to the present. Excluded from the Class are Defendants, any entity in which any Defendant has a controlling interest, Defendants' officers, directors, employees, shareholders, agents and legal representatives, the Government, the Court and Court personnel.

With respect to Count V (Unjust Enrichment), certification is sought of a modified class (the "Unjust Enrichment Sub-Class"). The Unjust Enrichment Sub-Class is specifically limited to individuals and entities that produced, packed, sold and/or distributed honey from January 1, 2000 to the present, in the following thirty-five (35) jurisdictions: Alabama, Arizona, Arkansas, California, Colorado, Connecticut, D.C., Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Texas, Utah, Virginia, and Washington.

11. Plaintiffs respectfully submit that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met and this lawsuit should be maintained procedurally as a class action.

## CLASS CERTIFICATION REQUIREMENTS

12. Rule 23(a) of the Federal Rules of Civil Procedure provides for class certification where:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact common to the class, (3) the claims of the representative parties are typical of the claims of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure must be satisfied.

13. Plaintiffs satisfy all of the requirements of Rule 23(a) and subparts (1), (2) and (3) of Rule 23(b) of the Federal Rules of Civil Procedure.

14. <u>Numerosity</u>. On information and belief, there are hundreds, if not thousands, of Class Members geographically dispersed throughout the United States. The precise number and identities of the Class Members are currently unknown to Plaintiffs, but can easily be derived from the membership rolls of the various national and state honey producer/packer/wholesaler trade organizations. Class Members are so numerous that it would be impracticable to join all in one action and, thus, the numerosity element of Rule 23(a)(1) is satisfied.

15. Common Questions. Rule 23(a)(2) requires the presence of a common question of law or fact. Several common issues of law and fact are present in this action, as Plaintiffs' claims stem from a "common nucleus of operative facts." *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir 1992). Questions of law and fact common to Class Members exist and predominate over any questions affecting only individual Class Members including, *inter alia*:

   a) whether Defendants' wrongful actions violated 18 U.S.C. § 1962(c) and/or (d);

   b) whether Defendants' wrongful actions constitute negligent misrepresentation at common law;

   c) whether Defendants have been unjustly enriched by their wrongful actions;

   d) whether Plaintiffs and Class Members sustained damages because of Defendants' wrongful actions;

   e) whether Plaintiffs and Class Members are entitled to recover actual damages, consequential damages, incidental damages, punitive damages and/or treble damages;

   f) whether Plaintiffs and Class Members are entitled to disgorgement of gross revenues and/or other equitable relief; and

6

  g)  whether Plaintiffs and Class Members are entitled to injunctive relief.

Thus, the commonality requirement of Rule 23(a)(2) is satisfied.

  16.  <u>Typicality</u>. The typicality element of Rule 23(a)(3) is satisfied when the claims of the representative plaintiff "arise[] from the same . . . practice or course of conduct that gives rise to the claims of other class members and [the] claims are based on the same legal theory." *De la Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). Plaintiffs' claims are typical of the Class, as their claims arise from the same set of conduct and are based upon the same legal theories as the other Class Members.

  17.  <u>Adequacy</u>. Rule 23(a)(4) requires that: "(a) the plaintiffs' attorney[s] must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the plaintiffs must not have interests antagonistic to those of the class." *Rosario*, 963 F.2d at 1018. Plaintiffs have no interests antagonistic to those of the other Class Members. Additionally, Plaintiffs have retained counsel with significant experience in prosecuting class actions and complex commercial litigation, including successful cases asserting RICO violations. *See* Group Exhibit A: Short-Form Resumes of Ben Barnow, Richard L. Coffman, and G. Robert Blakey. Thus, the requirements of Rule 23(a)(4) are clearly satisfied.

  18.  <u>Predominance</u>. Rule 23(b)(3)'s "predominance requirement is generally satisfied where a common nucleus of operative facts exists among all class members for which the law gives a remedy." *Chandler v. Sw. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 310 (N.D. Ill. 1995) (citation omitted). Common issues of fact and law predominate in this matter over any potential individualized issues, because Class Members' claims can be proven through use of evidence common to all Class Members.

19. <u>Superiority</u>. Rule 23(b)(3) requires a class action to be "superior to other available methods for the fair and efficient adjudication of the controversy." "[A] class action has to be unwieldy indeed before it can be pronounced an inferior alternative—no matter how massive the fraud or other wrongdoing that will go unpunished if class treatment is denied—to no litigation at all." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 660-63 (7th Cir. 2004). Plaintiffs and the other Class Members have been irreparably harmed as a result of Defendants' wrongful actions. Litigating this case as a class action is appropriate because (i) it will avoid a multiplicity of suits and the corresponding burden on the courts and Parties, (ii) it would be virtually impossible for all Class Members to intervene as parties-plaintiffs in this action, (iii) it will allow numerous individuals and entities with claims too small to adjudicate on an individual basis because of prohibitive litigation costs to obtain redress for their injuries, and (iv) it will provide court oversight of the claims process once Defendants' liability is adjudicated.

20. Certification is also appropriate under Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to all Class Members, thereby making appropriate final injunctive relief and/or equitable relief with respect to the Class and Unjust Enrichment Sub-Class as a whole.

21. Certification is also appropriate under Rule 23(b)(1) because the prosecution of separate actions by individual Class Members would create a risk of establishing incompatible standards of conduct for Defendants. For example, one court might decide that the challenged actions are illegal and enjoin Defendants, while another court might decide that the same actions and/or inaction are not illegal. Individual actions also could be dispositive of the interests of the other Class Members who were not parties to such actions and substantially impair or impede their ability to protect their interests.

22. Absent a class action, Defendants will retain the benefits of their wrongdoing despite their serious violations of the law and infliction of harm on Plaintiffs' and Class Members' businesses and property.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order certifying the Class and Unjust Enrichment Sub-Class in this case; appointing Plaintiffs as Class Representatives; appointing Ben Barnow of Barnow and Associates, P.C., Richard L. Coffman of The Coffman Law Firm, and G. Robert Blakey as Class Counsel; and for such other and further relief as the Court may deem just and proper.

Dated: April 22, 2013

Respectfully submitted,

By: */s/ Ben Barnow*

Ben Barnow
Sharon A. Harris
Erich P. Schork
Blake A. Strautins
**BARNOW AND ASSOCIATES, P.C.**
One N. LaSalle Street, Suite 4600
Chicago, IL 60602
Telephone: (312) 621-2000
Facsimile: (312) 641-5504
Email: b.barnow@barnowlaw.com
Email: s.harris@barnowlaw.com
Email: e.schork@barnowlaw.com
Email: b.strautins@barnowlaw.com

Richard L. Coffman
**THE COFFMAN LAW FIRM**
The First City Building
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

G. Robert Blakey
Professor of Law Emeritus*
Notre Dame Law School
*Noted for purpose of identification
7002 East San Miguel Avenue
Paradise Valley, AZ 85253
Telephone; (574) 514-8220
Email: G.R.Blakey.1@nd.edu

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing Motion for Class Certification to be served on all Defendants in conjunction with service of Summons and the Class Action Complaint and Jury Demand.

Dated: April 22, 2013

                                              s/ Ben Barnow

                                              Ben Barnow
                                              BARNOW AND ASSOCIATES, P.C.
                                              One N. LaSalle Street, Ste. 4600
                                              Chicago, IL 60602
                                              Telephone: (312) 621-2000
                                              Facsimile: (312) 641-5504
                                              Email: b.barnow@barnowlaw.com