UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Chris Moore d/b/a Moore's Honey Farm, et al, | ) ) | |
| Plaintiffs, | ) | Judge Joan B. Gottschall |
| v. | ) | Case No. 13 C 2905 |
| | ) | |
| Groeb Farms, Inc., et al, | ) | |
| Defendants. | ) | |
| Chris Moore d/b/a Moore's Honey Farm, et al, | ) ) | |
| Plaintiffs, | ) | Case No. 13 C 2984 |
| v. | ) | |
| | ) | |
| Honey Holding I, Ltd., et al, | ) | |
| Defendants. | ) | |
| Adee Honey Farms, et al, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 13 C 2922 |
| | ) | |
| Groeb Farms, Inc., et al, | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiffs Chris Moore d/b/a Moore's Honey Farm, Cox Honey of Utah, LLC, Brett Adee d/b/a Adee Honey Farms, and Kelvin Adee d/b/a Adee Honey Farms filed an action in this court on April 17, 2013, on behalf of themselves and a putative class, against defendants Groeb Farms, Inc. ("Groeb Farms"), Groeb Farms's former executives Ernest L. Groeb and Troy L. Groeb, and investment holding company Horizon Partners, Ltd. ("Horizon"), which allegedly acquired Groeb Farms in 2007. ("*Moore I*"). The *Moore I* plaintiffs, who are honey producers and wholesalers, allege that the defendants engaged in an unlawful scheme to defraud the United States government and the putative class members by unlawfully importing Chinese honey.

They allege violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), predicated on mail and wire fraud, and common-law claims of negligent misrepresentation and unjust enrichment. They claim that the defendants' actions injured the putative class members by depressing the price of honey.

Shortly after *Moore I* was filed, two other actions were filed in the Northern District of Illinois against honey producers and distributors: *Adee Honey Farms et al. v. Groeb Farms et al.*, No. 13 C 2922 (N.D. Ill.) (Pallmeyer, J.) ("*Adee*"); and *Moore v. Honey Holding I, Ltd. et al*, No. 13 C 2984 (N.D. Ill.) (St. Eve, J.) ("*Moore II*"). The *Adee* plaintiffs have moved for reassignment and consolidation of the three cases, pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42(a)(2), and for a consolidated pretrial conference pursuant to Rule 16. The *Adee* plaintiffs argue that the three cases are nearly identical class actions involving similar defendants and common legal and factual issues.

## I. LEGAL STANDARDS

A case "may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge." L.R. 40.4(b). To be related, cases must first satisfy at least one of the requirements of Local Rule 40.4(a): (1) the cases involve some of the same issues of fact or law; (2) they involve the same property; (3) they grow out of the same transaction or occurrence; or (4) in the context of multiple class-action suits, they involve one or more of the same classes. L.R. 40.4(a). If two cases are found to be related, the moving party must also meet each of four criteria specified in Local Rule 40.4(b) before a case will be reassigned: (1) the cases must be pending in this district; (2) a substantial savings of judicial time and effort must be likely to result from reassignment; (3) reassignment must not substantially delay the proceedings; and (4) the cases must be susceptible to disposition in a

single proceeding. L.R. 40.4(b); *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00 C 4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008).

Federal Rule of Civil Procedure 42(a) allows the court to consolidate actions before it that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). The rule allows the court to (1) order a joint hearing or trial of any or all matters in the actions; (2) consolidate the actions; or (3) "issue any other orders to avoid unnecessary cost or delay." *Id.* Whether to consolidate cases is within the sound discretion of the district court. *Pactiv. Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011).

## II. CASE FACTS AND CLAIMS

The court has combed through the facts and claims in each of the three cases. The factual basis of *Moore I* is that the defendants caused honey originating in China to be unlawfully "transshipped" through intermediate countries to the United States to obscure the country of export, represented that the honey was not of Chinese origin or was not honey, and sold and distributed the honey in the United States, depressing the price of honey legitimately produced and sold in the United States. Groeb Farms entered into a deferred prosecution agreement with the United States Attorney for the Northern District of Illinois for committing fraud on government import authorities. *Moore I* alleges violations of RICO, 18 U.S.C. §§ 1962(c) and (d), predicated on mail and wire fraud (Counts I-III), as well as common-law negligent misrepresentation consisting of false statements made to import authorities (Count IV) and unjust enrichment (Count V). The claims are brought on behalf of the following putative class:

> All individuals and entities that produced, packed, sold and/or distributed honey in the United States, from January 1, 2000 to the present. Excluded from the Class are any Defendants, any entity in which any Defendant has a controlling interest, Defendants' officers, directors, employees, shareholders, agents and legal representatives, the Government, the Court and Court personnel.

(Mot. Consolidate Ex. A (*Moore I* Compl.), ECF 21-1.)

The *Adee* plaintiffs are also producers and sellers of honey. The defendants in *Adee* are Groeb Farms; Horizon; and Honey Holdings I, Ltd. ("Honey Holdings"), a Texas honey supplier. The factual basis of *Adee* is that the defendants fraudulently labeled the country of origin and misrepresented the contents of honey imports from China, and harmed domestic producers of honey by dumping Chinese honey into the domestic market at prices below fair-market value. *Adee* asserts claims under the Lanham Act, 15 U.S.C. § 1125(a), based on defendants' mislabeling of the country of origin of the honey and their delivery of adulterated honey and a pollen-free substance that was not honey into interstate commerce (Count I), and unfair competition (Count II). *Adee* also asserts violations of RICO, 18 U.S.C. § 1962(c), based on mail and wire fraud. The claims are brought on behalf of the following class:

> all individuals and entities with commercial beekeeping operations (300 or more hives) that produced and sold honey in the United States from 2001 to the present.

(Mot. Consolidate Ex. B (*Adee* Compl.), ECF 21-2.)

Finally, *Moore II* was brought by the same named plaintiffs as *Moore I*, against defendants Honey Holding; HHI Management, LLC, the general partner of Honey Holding; Douglas A. Murphy, Director of Sales and managing partner of Honey Holding; and Urbain Tran, who allegedly brokered transactions as an agent of Honey Holding. The factual basis of *Moore II* is that the defendants defrauded the United States government and the putative class members by importing illicit Chinese honey, to the financial detriment of the putative class. Like Groeb Farms, Honey Holding entered into a deferred prosecution agreement with the United States government. *Moore II* asserts violations of RICO, 18 U.S.C. §§ 1962(c) and (d), predicated on wire and mail fraud (Counts I-III), and common-law claims of negligent

4

misrepresentation (Count IV) and unjust enrichment (Count V). The claims are brought on behalf of a putative class defined as:

> All individuals and entities that produced, packed, sold and/or distributed honey in the United States, from January 1, 2000 to the present. Excluded from the Class are any Defendants, any entity in which any Defendant has a controlling interest, Defendants' officers, directors, employees, shareholders, agents and legal representatives, the Government, the Court and Court personnel.

(Mot. Consolidate Ex. C (*Moore II* Compl.), ECF 21-3.)

The other parties in the three cases have responded to the *Adee* plaintiffs' motion (except for Urbain Tran, whose attorney has filed an appearance in *Moore II*). The *Moore I* and *II* plaintiffs respond that the actions involve different parties and assert different legal theories on behalf of different putative classes. They agree, however, that the cases have considerable factual overlap. They propose that the actions be coordinated for discovery purposes only and assigned to the magistrate judge for discovery supervision.

Individual defendants Ernest and Troy Groeb respond that they are named only in *Moore I* and should not be tried together with the defendants affiliated with Honey Holding. They argue that they might suffer prejudice should a jury hear evidence against other defendants and hold them liable for the actions of other defendants. The also express concern that *Adee* includes Lanham Act claims which have not been asserted against them in *Moore I*, which asserts only RICO and common-law claims. Finally, they argue that the claims against them may be stayed in the event of any criminal prosecution, which might delay the proceedings.

Defendants Honey Holding, HHI Management, LLC, and Douglas Murphy, who are named in *Adee* and *Moore II*, respond that the claims in the three cases are substantially duplicative and redundant and request that the court find the cases related pursuant to Local Rule 40.4, dismiss certain of the claims, and coordinate discovery and pre-trial motion practice. They

5

argue that the court should maintain the separate groupings of defendants named in *Moore I* and *Moore II*—*i.e.*, the Groeb Farms defendants (Groeb Farms, Ernest and Troy Groeb, and Horizon) and the Honey Holding defendants (Honey Holding, Douglas A. Murphy, Urbain Tran, and HHI Management, LLC).

Finally, defendants Groeb Farms and Horizon respond that the putative classes of plaintiffs are substantially similar. They do not oppose a finding of relatedness or reassignment pursuant to Local Rule 40.4, but ask the court to order the plaintiffs to combine their duplicative allegations into two complaints against the two different defendant groups.

### III. ANALYSIS

**A. Relatedness and Reassignment**

The court first finds that the requirements of Local Rule 40.4(a) are satisfied, and that the three actions are related. The court acknowledges that, as the *Moore I* and *II* plaintiffs argue, there are differences in the three cases. Neither the defendants nor the causes of action are identical. *Moore I* names as defendants two individual executives of Groeb Farms, whereas *Adee* names only Groeb Farms and Horizon. *Moore II* names as defendants two individual agents of Honey Holding, as well as HHI Management LLC, none of whom are named in *Adee*. Common-law claims of negligent misrepresentation and unjust enrichment are alleged only in *Moore I* and *II*, whereas *Adee* alleges Lanham Act claims not found in the other cases. The RICO claims in the three cases are also pleaded somewhat differently, with different theories of how the entities allegedly comprised a RICO enterprise. And the classes differ: *Adee* seeks certification of a class of commercial beekeeping operations with over 300 hives, while *Moore I* and *II* seek to certify a class of all honey producers, packers, distributors, and sellers. The *Adee* class period begins a year after those defined in *Moore I* and *II*.

6

These differences, however, do not outweigh the overwhelming similarities that pollinate the three cases, which seek relief on behalf of essentially the same putative classes and arise out of the same underlying series of events. In arguing that class treatment is appropriate, each complaint alleges that issues common to the class are whether the defendants' activities violated RICO, whether the plaintiffs were damaged by the transshipping of honey, and the appropriate measure of damages. Each complaint also asserts that equitable tolling of the statute of limitations is appropriate because the defendants kept their fraudulent activities secret. In sum, the cases share many common issues of fact and law, they are brought on behalf of putative classes with considerable overlap, and they involve many of the same transactions and occurrences—broadly characterized as the transshipment and mislabeling of Chinese honey.

Turning to Rule 40.4(b), the first three of its four criteria are clearly met: the cases are all pending in this district, they are of equal age, and the parties agree that at least some type of consolidation would promote efficiency. The fourth criteria—whether the claims are susceptible of being tried in a single proceeding—is disputed, but the court concludes that it would be possible to try the claims in a single proceeding. Whether a single trial will ultimately be appropriate is not a question the court must decide now. Despite the different legal theories, the underlying factual basis for the Lanham Act and RICO claims is essentially the same. There is a great deal of duplication in the three complaints. Many of the predicate facts are the same; indeed, the background facts in the complaints are almost identical. The court therefore finds that the three cases are related and should be reassigned to this court pursuant to Rule 40.

**B. Consolidation**

The court further concludes that the cases should be consolidated pursuant to Federal Rule of Civil Procedure 42(a)(2). The commonality of the factual and legal issues, the burden on

the parties and witnesses, and the interest in conserving judicial resources all weigh in favor of consolidating these cases. A strict identity of claims, parties, and class definitions is not required for consolidation. The court therefore grants the motion to reassign Case Nos. 13 C 2984 and 13 C 2922 to this court. The cases shall be consolidated for all purposes.

A consolidated pleading is an efficient way to handle multiple related cases. "Directing discovery to one complaint, rather than to [numerous] complaints, avoids the possible confusion and the possible problems stemming from the situation where each plaintiff pursues his individual complaint." *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1359-60 (2d Cir. 1975). A single pleading in a single action also "serve[s] as the vehicle for defining the proposed class and deciding class certification." Manual for Complex Litigation § 21.25 (4th ed. 2004). A potential sticking point is that—as the defendants have emphasized—the claims are against two sets of defendants and will require inquiry into different facts pertaining to each. But this does not justify the redundancy of three separate complaints brought by essentially the same class. Any delay or prejudice that might result from consolidating claims against the two groups of defendants into a single proceeding may be addressed at a later date. The claims may be bifurcated for trial if, as the matter progresses, trying them together appears unwieldy or prejudicial to the defendant groups.

The plaintiffs' lawyers should confer as to the appropriate way to construct the consolidated complaint and to define the class, and as to a suggested schedule for amendment of pleadings and the motion for class certification. The parties should also attempt to reach an agreement as to a proposed appointment of interim class counsel.[1] Proceeding as co-counsel or

---

[1] The Manual for Complex Litigation notes that when "there are a number of overlapping, duplicative, or competing suits pending [that] . . . may be consolidated, a number of lawyers may compete for class counsel appointment." 246 § 21.11(4th ed. 2004). It suggests:

as lead and liaison counsel may be appropriate only if an agreement can be reached to avoid duplicative work and billing. The court notes that involving multiple firms can create the potential for wasteful, duplicative work product, excessive billing, and internal conflicts. If the parties cannot reach an agreement, the court will entertain motions to designate interim counsel for the class in the consolidated action, and it will fall to the court to select the firm(s) best able to represent the interests of the class.

### IV. CONCLUSION

The *Adee* plaintiffs' motion for reassignment and consolidation is granted. The court orders the parties to confer and seek to reach an agreement as to which firm or firms will serve as interim class counsel, and as to a date by which amended pleadings shall be filed. The parties are to appear for a status hearing on July 9, 2013. If the parties are able to agree on a proposal, they may file a joint stipulation setting forth that agreement. Defendants shall answer or otherwise plead within 30 days of the amendment of the complaint.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 24, 2013

---

[T]he lawyers may stipulate to the appointment of a lead interim counsel and a steering committee to act for the proposed class. Such a stipulation leaves the court with the tasks of determining that the chosen counsel is adequate . . . and making a formal order of appointment. Absent a stipulation, the court may need to select interim class counsel from lawyers competing for the role.

*Id.* at 247.